

The relief described hereinbelow is SO ORDERED.

Signed February 01, 2013.

_____
Ronald B. King
United States Chief Bankruptcy Judge

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WILLIAM A. OLDEN AND | § | CASE NO. 11-50599-a998 |
| CONNIE G. OLDEN, | § | |
| | § | |
| DEBTORS | § | CHAPTER 7 |
| | § | |
| BRYON MEIN AND JENNIFER | § | |
| MEIN | § | |
| | § | |
| VS. | § | ADVERSARY NO. 11-5064-a998 |
| | § | |
| WILLIAM A. OLDEN AND | § | |
| CONNIE G. OLDEN | § | |

### ORDER DENYING DEFENDANTS'
### MOTION FOR ATTORNEY FEES

On May 20, 2011, Bryon Mein and Jennifer Mein (the "Plaintiffs") filed this adversary proceeding against William A. Olden and Connie G. Olden (the "Defendants"). After a trial on the merits, Judge Leif M. Clark ruled in favor of the Defendants. Subsequently, the Defendants filed

a motion seeking to recover attorney's fees and costs from the Plaintiffs under section 523 of the Bankruptcy Code.

Section 523(d) generally requires an award of costs and reasonable attorney's fees if the debtor prevails in a nondischargeability action for a "consumer debt" and the position of the creditor was not "substantially justified." The Bankruptcy Code defines a consumer debt as "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). There is a split of authority concerning whether debts secured by real estate are "consumer debts."[1] The Fifth Circuit has utilized the profit motive definition to determine the nature of a debt, holding that "the test for determining whether a debt should be classified as a business debt, rather than a debt acquired for personal, family or household purposes, is whether it was incurred with an eye toward profit." **In re Booth**, 858 F.2d 1051, 1055 (5th Cir. 1988).

Here, the Plaintiffs purchased real estate from the Defendants with the intent of making it their home and residing in it as a family, rather than as an investment or profit-making enterprise. As a result, the transaction between the Plaintiffs and the Defendants resulted in a debt incurred for family or household purposes and fits within the definition of a "consumer debt" under section 101(8).

---

[1] Several bankruptcy courts held that debts secured by real property are not consumer debts. *See, e.g.,* **In re Ikeda**, 37 B.R. 193, 195 (Bankr. D. Haw. 1984); **Brunswick Employees Credit Union v. Nenninger** (**In re Nenninger**), 32 B.R. 624, 626 (Bankr. W.D. Wis. 1983); **Gibbs v. Randolph** (**In re Randolph**), 28 B.R. 811, 813 (Bankr. E.D. Va. 1983); **In re Stein**, 18 B.R. 768, 769 (Bankr. S.D. Ohio 1982). The Ninth Circuit and other bankruptcy courts, however, have held that debts incurred to purchase a home or secured by real estate qualify as consumer debts. *See, e.g.,* **Zolg v. Kelly** (**In re Kelly**), 841 F.2d 908, 912 (9th Cir. 1988); **In re Zersen**, 189 B.R. 732, 740 (Bankr. W.D. Wis. 1995); **In re Gentri**, 185 B.R. 368, 372-73 (Bankr. M.D. Fla. 1995); **In re Harris**, 203 B.R. 46, 50 (Bankr. E.D. Va. 1994); **In re Whitelock**, 122 B.R. 582, 587-88 (Bankr. D. Utah 1990); **In re Palmer**, 117 B.R. 443, 446-47 (Bankr. N.D. Iowa 1990); **In re Johnson**, 115 B.R. 159, 162 (Bankr. S.D. Ill. 1990); **In re Wegner**, 91 B.R. 854, 857 (Bankr. D. Minn. 1988).

An award of costs and reasonable attorney's fees must be supported by more than merely prevailing in the nondischargeability action for a "consumer debt." Section 523(d) requires that the position of the creditor was not "substantially justified." The American legal system generally requires each party to bear his own litigation expenses, including attorney's fees, without regard to whether he wins or loses. *Fox v. Vice*, 131 S.Ct. 2205, 2213 (2011). Indeed, this principle is so firmly entrenched that it is known as the "American Rule." See *Alyeska Pipeline Serv. v. Wilderness Society*, 421 U.S. 240, 247 (1975). Congress has authorized courts to deviate from this general rule in certain kinds of cases, however, by shifting fees from one party to another. *Fox*, 131 S.Ct. at 2213 (citing *Burlington v. Dague*, 505 U.S. 557, 562 (1992)). Section 523(d) is one of these fee shifting statutes.

The trial between the parties lasted three days and involved numerous witnesses, exhibits, and closely contested issues. While the Plaintiffs failed to carry their burden of proof on nondischargeability, the Court finds that their position was substantially justified.

It is, therefore, **ORDERED, ADJUDGED, AND DECREED** that the *Defendants' Motion for Attorney Fees* is hereby **DENIED**.

# # #

3